■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBBINS, Appellant. [782 NYS2d 80]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered October 9, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The conviction of criminal sale of a controlled substance in or near school grounds was based on legally sufficient evidence and was not against the weight of the evidence. The People established the requisite distance of 1,000 feet (*see* Penal Law § 220.00 [14] [b]) beyond a reasonable doubt. At the outset, we conclude that the evidence sufficiently established the point at

which the drug sale took place. Although obstructing buildings prevented the testifying officer from making a direct physical measurement of the distance between the site of the sale and the school in question, he took measurements and provided enough information to make a reliable calculation of the exact distance of 907.63 feet by means of the Pythagorean theorem.

In this regard, the proper way to determine whether a sale was 1,000 feet or less from a school is by a straight-line or "as the crow flies" method, and not as measured along the route a pedestrian would be required to travel, including detours around obstructions. The statute provides for a 1,000-foot radius without regard to whether the geographic area is occupied by any obstructions to pedestrian traffic. A direct line measurement furthers the purpose of the statute which is to provide a corridor of safety for children coming to and from school (*see* Mem of State Exec Dept, 1986 McKinney's Session Laws of NY, at 2892-2893; *People v Gaines*, 167 Misc 2d 923, 925 [1996]). This interpretation conforms with cases interpreting the standard of measurement under the comparable federal schoolyard statutes (*see e.g. United States v Henderson*, 320 F3d 92, 102 [1st Cir 2003], *cert denied* 539 US 936 [2003]; *United States v Clavis*, 956 F2d 1079, 1088 [11th Cir 1992], *cert denied sub nom. Edwards v United States*, 504 US 990 [1992], *United States v Ofarril*, 779 F2d 791, 792 [2d Cir 1985], *cert denied* 475 US 1029 [1986]).

The court's *Sandoval* ruling, permitting the prosecution to inquire about four felony convictions and nine misdemeanor convictions without eliciting the nature and underlying facts of any, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-460 [1994]). None of these convictions was so remote in time as to mandate preclusion.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Sullivan, Williams, Friedman and Marlow, JJ.